**TENNANT D. MAGEE, SR., ESQUIRE (TM 5871)**
**MAGGS & MCDERMOTT, LLC**
800 Old Bridge Road
Brielle, New Jersey 08730
(732) 223.9870
Our File No. 3587.0001
Attorney for the Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES WALL, | : |
| | : |
| Plaintiff, | : Civil Action No.  To be Assigned |
| | : |
| v. | : |
| | : |
| MANCHESTER TOWNSHIP, a New | : |
| Jersey Municipal Corporation; DONALD | : **COMPLAINT** |
| CAIN, Individually, and as Zoning Officer | : |
| for Manchester Township; MICHAEL | : |
| FRESSOLA, Individually, and as Mayor | : |
| of Manchester Township; JOHN DOES, | : |
| 1-10, fictitious individuals; and XYZ | : |
| CORP, 1-10, fictitious bodies corporate, | : |
| | : |
| Defendants. | : |
| | : |

Plaintiff, James Wall, 396 Toms River Road, Jackson, Ocean County, New Jersey by

way of Complaint against the Defendants, Manchester Township, a New Jersey Municipal

Corporation located at 1 Colonial Drive, Manchester, Ocean County, New Jersey, Donald Cain,

Individually, and as Zoning Officer for Manchester Township, Michael Fressola, Individually,

and as Mayor of Manchester Township, John Does, 1-10, and XYZ Corp., 1-10, says as follows:

1

## PARTIES

1.  Plaintiff, James Wall (hereinafter the "Plaintiff"), is an individual who resides at 396 Toms River Road, Jackson, New Jersey.

2.  Defendant, Manchester Township (hereinafter "Manchester"), is a New Jersey Municipal Corporation located at 1Colonial Drive, Manchester, New Jersey.

3.  Defendant, Donald Cain (hereinafter "Cain"), at all times relevant herein was the Manchester Township Zoning Officer.

4.  Defendant, Michael Fressola, at all times relevant herein was the Mayor of Manchester Township.

5.  Defendants, John Does, 1-10 (hereinafter collectively "John Doe"), are fictitious individuals unknown to the Plaintiffs at this time, who, at all times relevant herein, were the agents, employees, and/or representatives of Manchester who deprived the Plaintiff of his rights guaranteed under the United States and New Jersey State Constitutions and who engaged in the malicious prosecution of the Plaintiff.

6.  Defendants, XYZ Corp., 1-10, are fictitious bodies corporate unknown to the Plaintiffs at this time who are liable for the deprivation of the Plaintiff's rights guaranteed under the United States and New Jersey State Constitutions and who engaged in the malicious prosecution of the Plaintiff..

7.  Hereinafter, the foregoing Defendants shall be collectively referred to as the "Defendants".

## JURISDICTION AND VENUE

8.  This action is brought and jurisdiction and venue are proper pursuant to 42 U.S.C. §1983
    for declaratory relief and for monetary damages to redress the various injuries
    complained of herein, including the deprivation of the Plaintiff's rights and privileges
    under the United States Constitution, the laws of the United States, the laws of the State
    of New Jersey, and the New Jersey State Constitution.  This Court has jurisdiction under
    28 U.S.C. §1331 and §1342 pursuant to the Plaintiff's Civil Rights Claims and relating to
    the Plaintiff's claims of Constitutional rights deprivation claims.  Supplemental or
    pendant jurisdiction is conferred on this Court for its determination of the related claims
    brought under the New Jersey State Constitution and state common law under the same
    case or controversy principle as set forth in 28 U.S.C. §1367(a).

9.  Venue is proper in this judicial district as all events complained of have occurred within
    this District.

## FACTUAL ALLEGATIONS

10. At all times relevant herein, the Plaintiff was the owner of certain private property
    located at 3051 Highway 547 in Manchester Township, New Jersey (hereinafter
    the "Plaintiff's Property").

11. Between and including June 2006 and February 2007, the Defendants issued sixty-seven
    (67) Complaints against the Plaintiff relating to the Plaintiff's Property.

12. Those sixty-seven (67) Complaints were each signed by Cain.

13.  Seventeen (17) of the Complaints were issued by Cain for alleged violations of the
     Manchester Township Code (the "Code") §11-1.5, occupancy of the Plaintiff's Property
     without approval.

14.  Seventeen (17) of the Complaints were issued by Cain for alleged violations of the Code
     §35-23.2, failure to obtain a zoning permit.

15.  Seventeen (17) of the Complaints were issued by Cain for alleged violations of the Code
     §35-26.1, the building of a structure without zoning approval.

16.  Sixteen (16) of the Complaints were issued by Cain for alleged violations of the Code
     §35-34.11, zoning change from Pinelands Business to manufacturing without approvals.

17.  At no time during 2006 and 2007 did the Plaintiff "occupy" (as defined by the Code),
     reside, or undertake any construction at or change the zoning of the Plaintiff's Property.

18.  Thereafter, beginning on or about April 11, 2007, the Defendants commenced
     prosecution of the sixty-seven (67) Complaints against the Plaintiff.

19.  Six (6) of the Complaints were administratively dismissed by the Prosecutor on April 11,
     2007.

20.  Fifteen (15) of the Complaints were dismissed by the Municipal Court upon Motion by
     the Plaintiff following the State's case on May 25, 2007.

21.  Forty-Five (45) were dismissed by the Court on August 17, 2007.

22.  One (1) of the Complaints was pleaded to by the Plaintiff on August 17, 2007, as part of
     a plea agreement.

23.  Upon information and belief, the sixty-seven (67) Complaints served upon the Plaintiff
     were done so by the Defendants to harass the Plaintiff, deprive the Plaintiff of his rights

to private property, deprive the Plaintiff of his right to create and operate a lawful

business at the Plaintiff's Property, to discriminate against the Plaintiff, as an orchestrated attempt to force the Plaintiff to sell the Plaintiff's Property to a neighboring property owner, and, in the event that the Plaintiff did not sell the Plaintiff's Property, to ensure that the Plaintiff was unable to profit from, develop, improve, or otherwise use and enjoy the Plaintiff's Property.

24. Upon information and belief, the prosecution of the sixty-seven (67) Complaints against the Plaintiff was a continuation of the Defendants' common plan and scheme to harass the Plaintiff, deprive the Plaintiff of his rights to private property, deprive the Plaintiff of his right to create and operate a lawful business at the Plaintiff's Property, to discriminate against the Plaintiff, as an orchestrated attempt to force the Plaintiff to sell the Plaintiff's Property to a neighboring property owner, and, in the event that the Plaintiff did not sell the Plaintiff's Property, to ensure that the Plaintiff was unable to profit from, develop, improve, or otherwise use and enjoy the Plaintiff's Property.

25. The Defendants' actions were tainted with fundamental procedural irregularities, personal bias, animus, were arbitrary and irrational, and were offensive to basic human dignity, as well as the principles of law, equity, and fundamental fairness.

26. The Defendants' foregoing actions shock the conscience and were deliberate attempts to act under the color of law to deprive the Plaintiff of his rights to private property, his rights to conduct lawful business enterprises and seek profit, and to deprive the Plaintiff of his rights and privileges guaranteed by the United States and New Jersey State Constitutions.

**COUNT ONE**

Rights — Action Pursuant to 42 U.S.C. §1983

27.   The Plaintiff repeats and incorporates the previous paragraphs as if set forth fully herein.

28.   The Defendants enforced and applied the Code and State law in an arbitrary, false, improper, baseless, unequal and discriminatory manner against the Plaintiff in violation of the Plaintiff's rights to equal protection.

29.   The Defendants deliberately and intentionally issued the sixty-seven (67) Complaints against the Plaintiff without basis in an effort to discriminate against, harass, and cause the Plaintiff financial damages and to prevent the Plaintiff from the lawful use of the Plaintiff's Property.

30.   The Defendants' aforesaid actions were motivated by an arbitrary classification of the Plaintiff.

31.   The Defendants' aforesaid intentional acts, based upon arbitrary classification, were directed at forcing the Plaintiff to sell the Plaintiff's Property to a neighboring property owner.

32.   The Defendants' aforesaid acts violated the Plaintiff's rights to private property, rights to conduct lawful business activities and seek profit, rights to equal protection, procedural and substantive due process and the Plaintiff's rights, privileges, and immunities secured by State and Federal law, the United States Constitution, the 5th and 14th Amendments and 42 U.S.C. §1983.

33.   The Defendants, by and through their deliberate conduct, were the moving force behind the Plaintiff's injuries and damages.

6

34.   The Defendants' actions were consistent with a policy and custom to cause the deprivation of the Plaintiff's rights as set forth herein.

35.   The Defendants' aforesaid actions against the Plaintiff in improperly enforcing the Code and State law against the Plaintiff shocks the conscience.

36.   The Defendants' aforesaid conduct constituted a gross abuse of power and invidious discrimination against the Plaintiff in violation of the Plaintiff's rights to equal protection under the law.

37.   The Defendants' aforesaid conduct in prosecuting the sixty-seven (67) Complaints was malicious and for purposes other than seeking justice, were initiated and prosecuted without probable cause, and constitutes malicious prosecution of the Plaintiff in violation of the Plaintiff's rights and privileges as guaranteed by the U.S. Constitution and is actionable under 42 U.S.C. §1983.

38.   As a direct and proximate result of the Defendants' aforesaid acts, the Plaintiff was did not develop or otherwise use the Plaintiff's Property for business pursuits and financial gain.

39.   As a direct and proximate result of the Defendants' aforesaid conduct, the Plaintiff has suffered damages, incurred attorney's fees and costs, incurred financial damages in being unable to develop or otherwise seek to profit from the Plaintiff's Property, and suffered pain and suffering.

40.   As a direct and proximate result of the Defendants' aforesaid conduct, the Plaintiff was compelled to appear at the Manchester Township Municipal Court to defend himself

from the sixty-seven (67) Complaints and incurred substantial attorney's fees, costs, and lost time from work.

**WHEREFORE**, the Plaintiff demands that judgment be entered against the Defendants as follows.

A.   Declaring and adjudging that the Defendants violated the Plaintiffs rights, privileges, and immunities secured by State and Federal law, the United States Constitution, the 5th and 14th Amendments and 42 U.S.C. §1983;

B.   Compensatory damages;

C.   Punitive damages;

D.   Payment of all costs and fees, including attorneys fees; and

E.   All other appropriate relief the Court deems just and proper.

## COUNT TWO
(New Jersey State Constitution)

41.   The Plaintiff repeats each and every allegation contained in the foregoing paragraphs as if fully set forth at length herein.

42.   The Defendants' aforesaid actions violated the Plaintiff's rights to be free from discrimination, to lawfully operate a business, pursue business opportunities, rights to acquire, possess, use and dispose of the Plaintiff's Property, and his right to contract.

43.   The Defendants' aforesaid conduct violated the Plaintiff's rights and privileges guaranteed under the New Jersey State Constitution.

44.   As a direct and proximate result of the Defendants' violation of the Plaintiff's rights under the New Jersey State Constitution, the Plaintiff has suffered  damages, incurred

8

attorney's fees and costs, incurred financial damages in being unable to develop or

otherwise seek to profit from the Plaintiff's Property, and pain and suffering.

**WHEREFORE**, the Plaintiff demands that judgment be entered against the Defendants as follows.

    A.      Compensatory damages;

    B.      Punitive damages;

    C.      Payment of all costs and fees, including attorneys fees; and

    D.      All other appropriate relief the Court deems just and equitable.

## COUNT THREE
(Violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, *et seq.*)

45.    The Plaintiff repeats each and every allegation contained in the foregoing paragraphs as if fully set forth at length herein.

46.    The Defendants' aforesaid conduct violated New Jersey Civil Rights Act, N.J.S.A. 10:6-1, *et seq.*

47.    As a direct and proximate result of the Defendants' violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, the Plaintiff has suffered damages, incurred attorney's fees and costs, incurred financial damages in being unable to develop or otherwise seek to profit from the Plaintiff's Property, and pain and suffering.

**WHEREFORE**, the Plaintiff demands that judgment be entered against the Defendants as follows.

    A.      Compensatory damages;

    B.      Punitive damages;

C.    Payment of all costs and fees, including attorneys fees; and

D.    All other appropriate relief the Court deems just and equitable.

## COUNT FOUR
(Common Law Claim of Malicious Prosecution)

48.    The Plaintiff repeats each and every allegation contained in the foregoing paragraphs as if fully set forth at length herein.

49.    The Defendants' aforesaid conduct constitutes malicious prosecution against the Plaintiff.

50.    Six (6) of the Complaints were administratively dismissed by the Prosecutor on April 11, 2007.

51.    Fifteen (15) of the Complaints were dismissed by the Municipal Court upon Motion by the Plaintiff following the State's case on May 25, 2007.

52.    Forty-Five (45) were dismissed by the Court on August 17, 2007.

53.    The Defendants' aforesaid conduct was unfounded, without merit, and the Complaints against the Plaintiff were filed solely for the purposes of the malicious harassment of and retaliation against the Plaintiff.

54.    As a direct and proximate result of the malicious prosecution, the Plaintiff has suffered damages, incurred attorney's fees and costs, incurred financial damages in being unable to develop or otherwise seek to profit from the Plaintiff's Property, and lost time from work.

**WHEREFORE**, the Plaintiff demands that judgment be entered against the Defendants as follows.

A.     Compensatory damages;

B.     Punitive damages;

C.     Payment of all costs and fees, including attorneys fees; and

D.     All other appropriate relief the Court deems just and equitable.

### COUNT FIVE
(Civil Conspiracy)

55.     The Plaintiff repeats each and every allegation contained in the foregoing paragraphs as if fully set forth at length herein.

56.     The Defendants engaged in a common scheme to commit unlawful acts against the Plaintiff and deprive the Plaintiff of his rights as guaranteed by the United States and New Jersey State Constitutions, and to injure the Plaintiff by way of Defendants' arbitrary, improper, and aggressive enforcement of the Code and the Defendants' deliberate and reckless conduct towards the Plaintiff in issuing and prosecuting the sixty-seven (67) Complaints against the Plaintiff.

57.     The Defendants engaged in a common scheme to commit the aforesaid unlawful acts against the Plaintiff in an effort to compel and otherwise force the Plaintiff to sell the Plaintiff's Property to a neighboring property owner.

58.     The Defendants' aforesaid conduct violates 42 U.S.C. §1985.

59.     As a direct and proximate result of the Defendants' conspiracy to injure Plaintiff and deprive him of his rights, the Plaintiff has suffered damages, incurred attorney's fees and costs, incurred financial damages in being unable to develop or otherwise seek to profit from the Plaintiff's Property, and lost time from work.

**WHEREFORE**, the Plaintiff demands that judgment be entered against the Defendants

as follows.

    A.      Compensatory damages;

    B.      Punitive damages;

    C.      Payment of all costs and fees, including attorneys fees; and

    D.      All other appropriate relief the Court deems just and equitable.

Dated: June 5, 2008

                          **MAGGS & MCDERMOTT, LLC**
                          Attorneys for the Plaintiff

BY: _____
                        TENNANT D. MAGEE, SR.

### JURY DEMAND

Pursuant to the Fed. R. Civ. P., the Plaintiffs demand a trial by jury.

### RULE 11.2 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action

pending in any court, or of any pending arbitration or administrative proceeding.

_____
TENNANT D. MAGEE, SR.

12